UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| STEVEN KRENTZ<br>Plaintiff,<br><br>vs.<br><br>JAVITCH, BLOCK & RATHBONE, LLC<br>Defendant, | )<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

STEVEN KRENTZ, ("Plaintiff"), through the undersigned counsel, LAW OFFICES OF JOHN FOOTE, alleges the following against JAVITCH, BLOCK & RATHBONE, LLC, ("Defendant"):

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Steven Krentz, an individual consumer, against Defendant, Javitch, Block & Rathbone, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

1

## PARTIES

3. Plaintiff, Steven Krentz, is a natural person with a permanent residence in Erlanger, Kenton County Kentucky 41018.

4. Upon information and belief the Defendant, Javitch, Block & Rathbone, LLC, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business in this District located at 1100 Superior Ave, 19Th Floor Cleveland, Cuyahoga County, Ohio, 44114. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We can put a lien on your vehicle."

8. Defendant has no standing to to place a lien on behalf of the creditor.

9. Defendant is a debt collection company and as a debt collection company attempting to collection a private loan, Defendant can only refer the matter back to the creditor with a recommendation that the creditor pursue a lien.

10. The representations made to Plaintiff by Defendant regarding lein were false.

11. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We will garnish up to 25% of your wages."

12. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

13. Defendant is a debt collection company and as a debt collection company attempting to collection a private loan, Defendant can only refer the matter back to the creditor with a recommendation that purse legal action to obtain garnishment.

14. The representations made to Plaintiff by Defendant regarding garnishment were false.

15. The natural consequences of Defendant's statements was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

16. The natural consequences of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

17. The natural consequences of Defendant's statements was to cause Plaintiff mental distress.

## CLAIM FOR RELIEF

18. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

19. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and
>
> (b) Defendant violated §1692d(2) of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and
>
> (c) Defendant violated §1692e of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and
>
> (d) Defendant violated §1692e(4) of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and
>
> (e) Defendant violated §1692e(5) of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and
>
> (f) Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and
>
> (g) Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Steven Krentz, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, Javitch, Block & Rathbone, LLC, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

<u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, STEVEN KRENTZ, demands trial by jury in this action.

This 3rd day of October, 2011.

LAW OFFICE OF JOHN FOOTE

<u>/s/ John Foote</u>
John Foote
Law Office of John Foote
36 West 5th Street
Covington, KY 41011
(859) 655-3001
johnfoote@fuse.net

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(770) 414-1002
alex@fdcpalawyeronline.com

5